## Case No. 15,030.

### UNITED STATES v. EIGHT CASKS OF WHISKEY.

[7 Int. Rev. Rec. 4; 14 Pittsb. Leg. J. 11.]

District Court, E. D. New York. 1867.

INTERNAL REVENUE—SPIRITS FOUND OUT OF WAREHOUSE—BURDEN OF PROOF—BRANDS—PAYMENT OF TAX.

[1. In the case of the seizure, for violation of the internal revenue laws, of distilled spirits found elsewhere than in a bonded warehouse, the burden of proof under section 45, Act 1866 (14 Stat. 163), is upon the claimant to show that the requirements of the law have been complied with.]

[2. Proof by the claimant that proper brands were upon the barrels is insufficient. He must show, in all cases where the payment of tax is a prerequisite to the removal from a bonded warehouse, that such tax has been paid.]

This was a case where a quantity of rectified spirits was seized while being transported from the rectifying establishment of W. O. Tyler, West street, New York, to Brook-lyn. The evidence on the part of the government showed that the spirits were rectified; that they were made of a barrel of new spirits and the remainder rectified spirits which were properly branded. It was claimed by the district attorney that the burden of proof to show that the tax on these spirits and the spirits from which they had been made was paid, devolved upon the claimant [J. Hexseimer].

BENEDICT, District Judge, said that the question had been reduced to a construction of the forty-fifth section of the act of 1866 [14 Stat. 163], providing that spirits found elsewhere than in a bonded warehouse, not having been removed from such warehouse according to law, and the tax imposed by law not being paid, the burden of proof shall be upon the claimant to show that the requirements of the law have been complied with.

Mr. Hollis, counsel for claimant, asked the court to direct the jury to find a verdict for the claimant, upon the ground that no probable cause of seizure was shown by the government other than that the spirits were found elsewhere than in a bonded warehouse, and that the claimant was not called upon to prove anything concerning them; that, assuming the burden of proof to be upon the claimant, he was entitled to judgment, having shown that the spirits were marked as the law requires.

District Attorney Tracey requested the court to direct a verdict for the government, under the construction given section 45 by Mr. Justice Nelson, in the case of U. S. v. 508 Barrels of Spirits [Case No. 15,113], inasmuch as no evidence was offered by claimant showing that the tax had been paid.

Judge BENEDICT, in deciding, said that he considered the propositions of the law to have been disposed of in the Case of 508 Barrels; that these spirits had been removed for transportation from Illinois to the Third district, New York, and were found in the Third district out of a bonded warehouse, and that the higher court held that the burden was upon the claimant to show that the law was complied with, and that the fact that proper brands were upon the barrels was insufficient. This case differed from that only where these spirits purported to be rectified spirits removed from a bonded warehouse upon payment of tax instead of spirits removed for transportation upon bond. Proof of the payment of tax upon removal of the spirits from the bonded warehouse must also be given. The words "requirements of the law in regard to the same" referred to the removal from the bonded warehouse according to law, and payment of tax when that was necessary to a removal.

In concluding, Judge BENEDICT said that he had consulted with Judge NELSON, who concurred with him in his opinion with regard to the case. A verdict for the government must accordingly be entered condemning the property.